**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No.: 24-CR-50007 |
| v. | ) | |
| | ) | |
| MATTHEW KAUFMAN | ) | District Judge Iain Johnston |

**DEFENDANT'S SENTENCING MEMORANDUM**

**NOW COMES** Defendant, Matthew Kaufman, by and through counsel, Brendan W. Caver, pursuant to Rule 32 of the Federal Rules of Criminal Procedure and 18 U.S.C. Section 3553(a), states as follows:

### I.      PLEA AGREEMENT

As the court is aware, Mr. Kaufman has entered into a plea agreement which was previously accepted by this court. As the court has accepted the agreement, and should sentence Mr. Kaufman to a minimal term of incarceration necessary to achieve the court's legitimate purpose of imposing sentence in this matter.

### II.      SENTENCING CONSIDERATIONS

As this court is well aware, the sentencing guideline range is no longer binding on the Court, but is only one factor to be considered in determining the sentence. *Booker*, 125 S. Ct. at 764-65. The 18 U.S.C. 3553(a) parsimony provision provides that court shall impose a sentence sufficient, but not greater than necessary, to carry out the proper purposes of sentencing. The purposes of sentencing include the need to reflect the seriousness of the offense, to promote respect for the law, provide just punishment, to create adequate deterrence, to protect the public from future crimes of the defendant and to provide the defendant with necessary treatment and training. 18 U.S.C. 3553(a)(2), *Booker* 543 U.S. at 260. Other relevant section 3553(a) factors include the nature and circumstances of the offense and the history and characteristics of the Defendant and the kinds of sentence available.

1

In *Gall v. United States*, 128 S. Ct. 586 (2007) the Supreme Court gave this Honorable Court direction and authority to consider mitigating factors that were discouraged or prohibited previously under the Guidelines. The court should consider the arguments of the parties as to the proper sentence in the particular case weighing the applicability of the §3553(a) factors. *Gall*, 128 S. Ct. 586. The court should evaluate each case on its own merits, considering every person convicted as his own individual and each case as a unique study the human condition that sometimes mitigate (and sometimes magnify) the crime and consequent punishment. *Id.* at 598. The court must then delineate its reasons for the record. *Id.* The court's reasons for deviation from the guideline range should be rooted either in the nature and circumstances of the offense or the characteristics of the offender, and should be sufficient--but not greater than necessary--to comply with the aims of §3553(a). This decision allows the sentencing court to apply the facts of the case with the circumstances of the Defendant's life and fashion a sentence that comports more with justice than with mere arithmetic calculations.

To the extent this court is able to take into account that some or all of those remain considerations at sentencing, Mr. Kaufman respectfully requests this court consider that as part of a reasonable and just sentence, and make adjustments as necessary an appropriate.

A.      **The Kinds of Sentences Available**

This Honorable Court has discretion to sentence the Defendant to a minimal sentence of incarceration in this matter. For the reasons discussed below, the defendant respectfully prays that such a sentence should be imposed.

2

In *U.S. v. Jones*, 460 F.3d 191 (2nd Cir. 2006) the district court properly imposed a non-guideline sentence of 15 months when he considered his own sense of was fair and just where the defendant was convicted of being a felon in possession of a firearm and possession of firearm. As the court stated: "Although the sentencing judge is obliged to consider all of the sentencing factors outlined in section 3553(a), the judge is not prohibited from including in that consideration the judge's own sense of what is a fair and just sentence under all the circumstances. That is the historic role of sentencing judges, and it may continue to be exercised, subject to the reviewing court's ultimate authority to reject any sentence that exceeds the bounds of reasonableness." *Id.*

### B. Sentence Recommendation

As discussed above, *Booker* and 18 U.S.C. §3553(a) factors indicate that no matter what is recommended under the sentencing guidelines: the sentence must be sufficient, but not greater than necessary to achieve the purposes of punishment. Here, it is respectfully submitted that a minimal sentence of incarceration followed by an appropriate period of supervised release is sufficient to achieve the goals of punishment. Justice would be served by such a proposed sentence.

Defendant, by his plea of guilty and agreement with the government, has taken responsibility for those actions. Mr. Kaufman recognizes that the seriousness of his offenses and that the resulting harm warrants imprisonment. Likewise, a sentence imposed will achieve the goals of deterrence, incapacitation from further unlawful conduct of this sort, as well as rehabilitation. Given the likely sentence imposed by this court, the defendant does not pose a serious risk to recidivate, understanding that even proposed mandatory supervised release conditions contemplate cooperation with pro-social activities and employment, if possible. General deterrence is well-served by a sentence of incarceration no longer than necessary, the resulting restrictions on the Defendant's freedom, and the consequences attendant to a plea of guilty to these particular offenses.

Finally, Defendant's need for rehabilitation, treatment and training can also be met by a minimal sentence of incarceration, but one which appropriately considers the legitimate ends of imposing sentence in this matter. Mr. Kaufman is and remains genuinely remorseful for his conduct and has acknowledged the harm he has caused.

In determining a minimally sufficient sentence, the Court must essentially ask whether a more severe sentence would achieve greater justice, deterrence, incapacitation, or rehabilitation. Respectfully, it would not in this case. The Court has discretion in sentencing post-*Booker*. In this case the Court can, for reasons expressed in this memorandum, assure that the sentencing process was a reasoned one and sentence the Defendant to a term of sentence of incarceration no longer than necessary. *See United States v. Carter*, 538 F.3d 784 (7th Cir 2008).

**C.     Request to Recommend a Facility Close to Rockford, Illinois**

Due to Mr. Kaufman's family support, most specifically his mother, he respectfully requests this court recommend to the Bureau of Prisons, the closest suitable facility to Freeport, Illinois, including especially Terre Haute, Indiana and Oxford, Wisconsin. To the extent that neither of these facilities is deemed suitable, then in the alternative Mr. Kaufman requests the court recommend the nearest possible facility to Freeport, Illinois.

Mr. Kaufman respectfully requests this Honorable Court sentence him to minimal sentence of incarceration, along with any specific conditions this Court deems appropriate as any such sentence will be significant for Mr. Kaufman.

**D.** **Unique Circumstances of Mr. Kaufman's Sentencing for the Court's Consideration**

It is not Mr. Kaufman's intent to deprecate the seriousness of the offense, nor to seek unwarranted or unjust consideration, but his ties to his family here weigh strongly in favor of the court considering this as part of its overall consideration of a proper and just sentence to impose.

Respectfully Submitted,

By: /s/ *Brendan W. Caver*
on behalf of Defendant

**CERTIFICATE OF SERVICE**

The undersigned counsel certifies that he served the above and foregoing document upon all parties entitled to notice thereof by use of this Court's Electronic Case Management system on the 3 April 2026.

/s/ *Brendan W. Caver*
Brendan W. Caver

*Brendan W. Caver*
Law Office of Brendan W. Caver, Ltd.
308 West State Street #321
Rockford, Illinois 61101
(815) 714-9508
Brendan@CaverLawOffice.com

5